1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| IN RE APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR DISCOVERY FROM EPOCH.COM, LLC | Case No. CV14-03810 BRO (PJWx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>DISCOVERY MATTER |
|---|---|

WHEREAS, Applicant Joseph B. Elkind ("Elkind"), Respondent Epoch.com LLC ("Epoch"), and Interested Party John J. Bennett, Jr. ("Bennett") (inclusively, the "Parties"), may produce or seek discovery of documents, information, or other materials that may contain confidential, financial, or proprietary information.

IT IS HEREBY ORDERED that the following Protective Order be entered in this Action with respect to the Parties:

1. PURPOSE AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve production of confidential, financial, or proprietary information for which special protection from public disclosure may be warranted. Accordingly, the parties have stipulated to and requested the court enter this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Protective Order does not entitle them to file confidential information under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information designated as "CONFIDENTIAL" (regardless of how it is generated, stored, or maintained) shall mean and include any document, thing, deposition testimony, discovery answer (including but not limited to responses to subpoenas, requests for admissions, and requests for production), or other information provided in discovery or settlement communications and negotiations in this action, which contain information that is non-public, confidential, financial, and/or proprietary, whether personal, such as information regarding personal information including without limitation social security numbers and personal bank account numbers, or business related, such as information

that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position or economic interest of the party making the confidentiality designation and/or a third party whose information is contained therein, including for example non-public customer lists, past product development, past business/strategic plans, financial records, past sales projections, past marketing plans, and non-public contracts.  Certain limited types of "CONFIDENTIAL" information may be further designated, as defined and detailed below, as "Confidential Attorneys' Eyes Only Information."

  2.3 <u>Counsel</u>: Outside Counsel of Record (as well as their support staff).

  2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces or another Party or Non-Party produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

  2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

  2.6 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious competitive harm that could not be avoided by less restrictive means.  This type of information and items include, for example, pending patent applications, products currently in development and not yet commercially released, current business/strategic plans, future sales/financial projections, future marketing plans, detailed sales and financial data, or other highly sensitive or proprietary competitive or financial information.

  2.7 <u>Non-Party</u>: any natural person, partnership, corporation, association, or

other entity not named as a Party to this action, as that term is defined below.

2.8  Outside Counsel of Record: attorneys who are not employees of a Party or Non-Party to this action but are retained to represent or advise a Party or Non-Party to this action and have appeared in this action on behalf of that Party or Non-Party or are affiliated with a law firm which has appeared on behalf of that Party or Non-Party.

2.9  Party: any party to this action, including all of its officers, directors, employees, consultants, and retained experts, as well as any interested party, which includes but is not limited to Elkind, Epoch, and Bennett.

2.10  Producing Party: a Party or Non-Party that produces or provides Disclosure or Discovery Material in this action.

2.11  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.13  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties, Non-Parties, or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not

involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the final closure of this action and appeals thereof, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the

level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

     5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced or, in the case of documents that are designated by someone other than the Producing Party, within seven (7) days of production by the Producing Party. Designation in conformity with this Order requires:

     (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party, or Designating Party in the case of documents designated by someone other than the Producing Party, affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party, or Designating Party in the case of documents designated by someone other than the Producing Party, also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

     A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party, or Designating Party in the case of documents designated by someone other than the Producing Party, must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified

documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. In the case of documents designated by someone other than the Producing Party, the Designating party shall have seven (7) days from the date of production to affix the appropriate designation and send the Parties a copy of the documents with the affixed designation. If only a portion or portions of the material on a page qualifies for protection, the Producing Party or Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party or Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party or Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a

Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Conference of Counsel</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly and in compliance with Civil Local Rule 37-1 within 10 days after the date of service of notice and letter requesting such conference. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge, they shall formulate a written stipulation pursuant to the requirements set forth in Civil Local Rule 37-2, *et seq*. The movant shall file the stipulation and serve it with a notice of motion (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. The motion may be noticed to be heard on the judge's regular Motion Day which shall not be earlier than 21 days after the filing of the motion.

Pursuant to Civil Local Rule 37-2.3, after the Joint Stipulation is filed, each party may file a supplemental memorandum of law not later than 14 days prior to the hearing date set for the motion. Unless otherwise ordered by the Court, a supplemental memorandum shall not exceed 5 pages in length. No other separate memorandum of

1 points and authorities shall be filed by either party in connection with the motion. 7.

2       7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

        7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced in this case only for prosecuting, defending, or attempting to settle this action and the Bahamian Proceedings. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of the FINAL DISPOSITION section below.

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) the Receiving Party's Outside Counsel of Record in this action and the Bahamian Proceedings, as well as employees of said Outside Counsel of Record;

      (b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and the Bahamian Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d) the court and its personnel in this action and the Bahamian Proceedings;

      (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this action and the Bahamian Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (f) during their depositions, witnesses in the action to whom disclosure is

reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, including if such author or recipient is a deponent, even if such deponent does not sign Exhibit A.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action and the Bahamian Proceedings, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and the Bahamian Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts (as defined by this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and the Bahamian Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel in this action and the Bahamian Proceedings;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and the Bahamian Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information, including if such author or recipient is a deponent, even if such deponent does not sign Exhibit A.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena or directive from another court.

Notwithstanding anything to the contrary herein, this Section 8 is not intended to restrict the Producing Party's use of its own documents, even if another party

designates them as Confidential or Highly Confidential.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party or Designating Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The inadvertent production of such material shall not waive any claim of privilege or other protection.

11. MISCELLANEOUS

11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

1  A Party that seeks to file under seal any Protected Material must comply with all
2  applicable Local Rules for the Central District of California. Protected Material may
3  only be filed under seal pursuant to a court order authorizing the sealing of the specific
4  Protected Material at issue.
5        11.4  <u>Court and Court Personnel</u>. The Court and its personnel in this action and
6  the Bahamian Proceedings are not subject to this Order and are not required to sign
7  Exhibit A.
8        12.    <u>FINAL DISPOSITION</u>
9        Within 60 days after the final disposition of this action and the Bahamian
10 Proceedings, as defined above, each Receiving Party must return all Protected Material
11 to the Producing Party or destroy such material. As used in this subdivision, "all
12 Protected Material" includes all copies, abstracts, compilations, summaries, and any
13 other format reproducing or capturing any of the Protected Material. Whether the
14 Protected Material is returned or destroyed, the Receiving Party must submit a written
15 certification to the Producing Party (and, if not the same person or entity, to the
16 Designating Party) by the 60-day deadline that (1) identifies (by category, where
17 appropriate) all the Protected Material that was returned or destroyed and (2) affirms
18 that the Receiving Party has not retained any copies, abstracts, compilations,
19 summaries or any other format reproducing or capturing any of the Protected Material.
20 Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
21 pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,
22 correspondence, deposition and trial exhibits, expert reports, attorney work product,
23 and consultant and expert work product, even if such materials contain Protected
24 Material. Any such archival copies that contain or constitute Protected Material remain
25 subject to this Protective Order as set forth above.

1  The Parties acknowledge that electronic discovery makes it difficult to keep
2  track of all discovery and therefore agree to use their best efforts to ensure compliance
3  with the letter and spirit of this provision.

4

5  IT IS SO ORDERED

6
7
8
9  DATED: August 15, 2014   _____
10  Honorable Patrick J. Walsh
    United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of In re Application Pursuant to 28 U.S.C. § 1782 for Discovery from Epoch.com, LLC, Case No. CV14-03810 BRO (PJWx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction and venue of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____
City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]